IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUCINI ITALIA COMPANY, LLC<br>(a Florida limited liability company),<br><br>                Plaintiff,<br><br>v.<br><br>IBERIA FOODS CORP.<br>(a Delaware corporation),<br><br>                Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Lucini Italia Company, LLC, by its attorneys, complains against Defendant Iberia Foods Corp., as follows:

## INTRODUCTION

1. This is an action for trademark infringement, unfair competition, and other related claims. Defendant Iberia Foods Corp. (hereinafter "Defendant") has, without authorization from Plaintiff Lucini Italia Company, LLC (hereinafter "Lucini"), intentionally copied Lucini's distinctive, established, and incontestably registered trademark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" for Defendant's own competitive product. Defendant's actions are a deliberate attempt to compete unfairly, cause confusion in the marketplace, and improperly capitalize on the substantial goodwill and wide recognition of Lucini's trademark among consumers.

## THE PARTIES

2. Lucini is a Florida limited liability company having its principal place of business at 1441 Brickell Ave., Suite 1410, Miami, Florida 33131. Lucini owns the trademark at issue in this action.

3. Defendant is a Delaware corporation having a principal place of business at 1900 W. Linden Blvd., Brooklyn, New York 11207. Defendant advertises and sells the olive oil at

issue in this action and, on information and belief, either makes and packages the olive oil, or commissions and directs others to make and package the olive oil.

## JURISDICTION AND VENUE

4. Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114. Count II is for false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). Count III arises under the laws of the State of Florida prohibiting deceptive trade practices, specifically, the Florida Deceptive and Unfair Trade Practices Act, 501.201 *et seq*. Count IV arises under the common law of Florida prohibiting unfair competition.

5. Defendant is doing business in this district and thus is subject to personal jurisdiction here. Defendant's website states that Defendant has an office at 12300 NW 32nd Ave., Miami, Florida 33167. On information and belief, Defendant sells the product at issue to third party retailers operating in this district, for subsequent resale to consumers located in this district.

6. This Court has jurisdiction over this Complaint based on 15 U.S.C. § 1121, 28 U.S.C. § 1331, § 1332, § 1367, and § 1338(a) and (b), as federal questions are presented, the parties are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 since Defendant has an office in this district. Additionally, on information and belief, Defendant has distributed, sold, advertised and promoted the infringing goods throughout the United States as well as in this district, and has thereby committed the complained-of acts of infringement, false designation of origin, deceptive trade practices, and unfair competition in this district. Venue is also proper in this district because Lucini has its principal place of business in this district, and sells its products within this district.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

A.     **Lucini's Dedication to Quality and Enviable Position in the Marketplace**

8.     Back in June 1998, Lucini began selling extra virgin olive oil in the U.S. marketplace.  Imported from Italy, exquisitely packaged, and specially made from only the highest quality olives, Lucini's olive oil quickly became regarded as one of the highest quality olive oils available to consumers.

9.     In order to distinguish its olive oil from products sold by others, and to develop a favorable reputation and goodwill for its olive oil, Lucini carefully selected various trademarks prior to the launch of its olive oil in June 1998.  In addition to the mark "LUCINI", one of the trademarks Lucini selected for the olive oil was "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL".

10.    Since launching its olive oil under the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" in June 1998, Lucini has made substantially exclusive and continuous use of the mark for olive oil in U.S. commerce.

11.    Lucini's olive oil has been hugely successful.  It is sold to consumers through thousands of retail outlets in all fifty states, as well as through a number of online retail stores, including Lucini's own online retail store at www.lucini.com.  Today, Lucini uses the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" on its extra virgin olive oil and its organic extra virgin olive oil, both of which are sold in bottles and boxes.  Attached at Exhibit A are photos of Lucini's products bearing the mark.

12.    From June 1998 to the present, Lucini has engaged in extensive marketing and promotion of its olive oil bearing the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", and has expended substantial sums in connection with same.

13.    Lucini has utilized many different types of advertising media and promotional activities for its olive oil bearing the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", including internet advertising, coupons, grocery store demos, grocery store advertisements

and promotions, consumer brochures, and trade sell sheets.  The product has also been featured in retail store flyers and point-of purchase displays.

14.	Lucini works hard to promote its olive oil bearing the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", and its efforts have resulted in widespread third party press.  Media sources regularly engage in unsolicited commentary on the high quality and delicious taste of the oil.  Numerous feature stories, articles, and product mentions about the oil have appeared in magazines, newspapers, and online publications directed to consumers.  Frequently, such articles and stories will prominently feature a photograph of Lucini's oil bearing the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", thereby increasing the exposure of the mark to consumers and strengthening consumers' association between the mark and a single source, namely, Lucini.  Additionally, Lucini's olive oil has been the subject of high-profile accolades from celebrities such as Oprah Winfrey and Chef Charlie Trotter.

15.	On Lucini's own website, the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" is prominently used on the product page for the extra virgin olive oil sold in a bottle. (See Exhibit B).  Similarly, third parties, including third party retailers, consistently use "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" as a trademark identifying Lucini's product.  (See Exhibit C for examples).

16.	Lucini's marketing and advertising efforts, together with the third party press and celebrity exposure discussed above, have led to widespread recognition of the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" among relevant consumers and the trade.

17.	Consumers and others in the industry view the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" as indicating a single, trusted source for olive oil, namely, Lucini.

18.	In order to protect the substantial goodwill associated with the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", Lucini applied to register it at the U.S. Trademark Office on August 19, 2004.

19.     The Trademark Office accepted Lucini's substantial evidence of secondary meaning, and issued Registration No. 3,214,709 for the mark on the Principal Register under Section 2(f) of the Lanham Act on March 6, 2007 (hereinafter "the Registration", a copy of which is at Exhibit D).

20.     Pursuant to 15 U.S.C. §§1065 and 1115(b), the Registration has become "incontestable" and therefore serves as conclusive evidence of Lucini's exclusive right to use the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" in connection with the goods listed in the Registration, namely, "olive oil".

**B.     Defendant's Infringing Activities**

21.     On information and belief, long after Lucini began selling its olive oil under the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", Defendant began selling, in U.S. commerce, olive oil prominently bearing the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" on the front label (hereinafter "the Accused Product", a photo of which appears at Exhibit E).

22.     Defendant promotes the Accused Product on its website at www.iberiafoods.com (see Exhibit F).  The Accused Product is also promoted online at www.walmart.com (see Exhibit G).

23.     On information and belief, Defendant had access to and knowledge of Lucini's olive oil sold under the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" prior to launching the Accused Product, since Lucini's olive oils are widely available at thousands of retail stores in all 50 states and through online retail stores, and are the subject of media and celebrity attention.

24.     Pursuant to 15 U.S.C. § 1072, Defendant is deemed to have had constructive notice of Lucini's registration for and rights in the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" by virtue of Lucini's registration for the mark on the Principal Register.

25.     The mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" utilized by Defendant on the Accused Product is almost identical to, and confusingly similar with, Lucini's incontestably registered mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL". The only difference between the two marks is Defendant's inclusion of "100%" after "PREMIUM SELECT" in its mark.  This very small difference buried in the middle of Defendant's mark will not avoid consumer confusion in light of the similarities between the marks when considered in their entireties.

26.     On information and belief, Defendant is marketing and selling the Accused Product throughout the United States.

27.     The Accused Product directly competes with Lucini's olive oil.  On information and belief, the Accused Product is sold through the same or overlapping retail outlets and to the same or overlapping target consumers as Lucini's olive oil is.  In fact, in one Publix located in Pembroke Pines, Florida, the parties' respective products bearing the marks at issue were found side-by-side on the shelf.

28.     Defendant had a whole universe of marks to pick from, yet it elected to adopt and use a mark that is almost identical to, and confusingly similar with, the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" long used by Lucini.

29.     On September 6, 2012, Lucini sent a letter to Defendant, notifying Defendant of Lucini's trademark rights and demanding that Defendant cease advertising and selling olive oil bearing the confusingly similar mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL".  Lucini requested a response within 10 days.  On September 18, 2012, Lucini's lawyer received a request from Defendant's lawyer for a two-week extension of time to respond, until October 2, 2012.  As a professional courtesy, that request was granted.  Many follow-up attempts by Lucini's lawyer throughout October and November failed to result in any substantive response from Defendant, which led to the filing of the instant lawsuit.

30.     On information and belief, despite having received clear notification of Lucini's incontestable rights and Lucini's objections to the use of "PREMIUM SELECT 100% EXTRA

VIRGIN OLIVE OIL", Defendant is willfully continuing to make (or instruct others to make), distribute, advertise, and sell the Accused Product.

31. Defendant's use of "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" for olive oil is likely to confuse, mislead, and deceive the purchasing public as to the source or origin of its olive oil.

32. Defendant's use of "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" is likely to confuse, mislead, and deceive the purchasing public into believing that there exists an affiliation, relationship, sponsorship, or endorsement between Lucini and Defendant or the Accused Product, or that the Accused Product shares the same or a similar quality as Lucini's olive oil.

33. Because Lucini has no control over the nature and quality of Defendant's olive oil sold under the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", Lucini will be damaged by Defendant's continued use of the mark.

34. If consumers believe the Accused Product originates from Lucini, or is somehow connected with or endorsed by Lucini, and the Accused Product is of inferior quality, the goodwill and reputation Lucini has built in the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", and even the mark "LUCINI" itself, will be put in jeopardy.

35. Defendant's continued advertising, distribution, and sales of the Accused Product jeopardizes the entire goodwill symbolized by the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", and even the mark "LUCINI" itself, causing immediate, serious, and irreparable injury to Lucini, for which Lucini does not have an adequate remedy at law.

## COUNT I
### Infringement of a Registered Trademark in Violation of the Lanham Act, 15 U.S.C. § 1114

36. Lucini repeats and incorporates herein by reference the allegations of all the foregoing paragraphs.

37. Defendant's use of "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" on and in connection with olive oil constitutes infringement of Lucini's federally registered trademark Registration No. 3,214,709 for the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" and is likely to cause confusion, to cause mistake or to deceive as to source, sponsorship, or authorization of Defendant's directly competing products.

38. On information and belief, Defendant had actual or at least constructive knowledge of Lucini's ownership and prior use of the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", and without the consent of Lucini, Defendant willfully infringed on the "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" mark when Defendant designed, made (or instructed another to make), sold, and advertised the Accused Product.

39. Defendant's actions hereinabove pled constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. On information and belief, the Accused Product reflects Defendant's deliberate and willful copying and appropriation of the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" without any commercial necessity, permission, legitimate reason, or explanation.

41. As a proximate result of Defendant's actions, Lucini has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits.

42. Lucini has no adequate remedy at law for Defendant's infringement of its federally registered mark. Unless Defendant is preliminarily and permanently enjoined, Lucini will continue to suffer irreparable harm.

43. By reason of Defendant's willful and unlawful conduct as pled above, Lucini has been substantially injured and is entitled to Defendant's profits, Lucini's actual damages trebled, the costs of this action, and attorney's fees.

## COUNT II
### False Designation of Origin and Unfair Competition in
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

44. Lucini repeats and incorporates herein by reference the allegations of all the foregoing paragraphs.

45. Lucini has built a substantial commercial advantage through consistent use and promotion of the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" for its olive oil.

46. The mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" adopted and used by Defendant for olive oil is so similar in overall appearance and commercial impression to Lucini's mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" as to be likely to confuse, mislead, and deceive members of the public into believing that Defendant's olive oil originates from Lucini, and/or is affiliated or otherwise connected to the Lucini line of products. Such actions trade unfairly upon Lucini and its mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", and constitute misappropriation of the goodwill that Lucini has expended time, labor, and money to create over time.

47. Defendant's actions in adopting and using the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" constitute a misappropriation of a commercial advantage belonging to Lucini as well as passing off and unfair competition.

48. Defendant's actions in adopting and using the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", despite being at all times aware of, or constructively aware of, the preexisting mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" owned by Lucini for olive oil, constitute bad faith.

49. On information and belief, the acts of Defendant complained of herein were and are being done willfully and knowingly without regard to Lucini's rights.

50. Defendant's aforementioned acts constitute unfair competition, false designation of origin, and passing off in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. As a proximate result of Defendant's actions, Lucini has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits.

52. Lucini has no adequate remedy at law for Defendant's actions as pled above. Unless Defendant is preliminarily and permanently enjoined, Lucini will continue to suffer irreparable harm.

53. By reason of Defendant's willful and unlawful conduct as pled above, Lucini has been substantially injured and is entitled to Defendant's profits, Lucini's actual damages trebled, the costs of this action, and attorney's fees.

## COUNT III
### Deceptive Trade Practices in violation of the
### Florida Deceptive and Unfair Trade Practices Act, 501.201 *et seq.*

54. Lucini repeats and incorporates herein by reference the allegations of the forgoing paragraphs.

55. On information and belief, Defendant's actions in adopting and using the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", despite being actually or constructively aware of Lucini's preexisting and registered mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" for competitive products, constitute unauthorized passing off of its products as those of Lucini.

56. Defendant's adoption and use of the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Accused Product, and is likely to cause consumers to believe that the Accused Product originates from and/or is affiliated with or otherwise connected to Lucini's olive oil sold under the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", when in fact it is not.

57. Defendant's actions constitute unfair competition and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act, 501.204.

58. As a proximate result of Defendant's actions, Lucini has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits.

59. Lucini has no adequate remedy at law for Defendant's unfair competition and deceptive trade practices. Unless Defendant is preliminarily and permanently enjoined, Lucini will continue to suffer irreparable harm.

60. By reason of Defendant's willful and unlawful conduct as pled above, Lucini has been substantially injured and is entitled to damages, the costs of this action, and attorney's fees pursuant to § 501.2105, Fla. Stat.

## COUNT IV
### Unfair Competition in violation of Florida Common Law

61. Lucini repeats and incorporates herein by reference the allegations of the forgoing paragraphs.

62. This claim arises under the common law of the State of Florida.

63. Lucini has built a substantial commercial advantage through consistent use and promotion of its olive oil under the mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL".

64. Defendant's adoption and use of the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" for olive oil is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's olive oil.

65. On information and belief, Defendant has acted willfully and deliberately in its adoption and continued use of the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" for olive oil, and Defendant has not ceased such use despite having been actually informed of Lucini's rights and objections months ago.

66.     Defendant's actions in adopting and using the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", despite being at all times either actually or constructively aware of the preexisting mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL" owned by Lucini, constitute a misappropriation of a commercial advantage belonging to Lucini under common law and bad faith.

67.     As a proximate result of Defendant's actions, Lucini has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits.

68.     Lucini has no adequate remedy at law for Defendant's actions as pled above. Unless Defendant is preliminarily and permanently enjoined, Lucini will continue to suffer irreparable harm.

69.     By reason of Defendant's willful and unlawful conduct as pled above, Lucini has been substantially injured and is entitled to damages and Defendant's profits, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Lucini prays for a judgment against Defendant as follows:

A.     That the Court enter judgment in favor of Lucini and against Defendant on all claims for relief alleged herein;

B.     That Defendant be adjudged to have willfully and knowingly violated the provisions of 15 U.S.C. §§ 1114 and 1125(a), the Florida Deceptive and Unfair Trade Practices Act, 501.201 *et seq.*, and the common law of Florida prohibiting unfair competition;

C.     That Defendant, and each of its agents, servants, employees, attorneys, successors and assigns, and all other persons in active concert or participation with any of them who receive

actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

 (1) Using the marks "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", "PREMIUM SELECT", or any other confusingly similar variations of Lucini's registered mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", on or in connection with olive oil or any other closely related or complementary products;

 (2) Manufacturing, having manufactured, importing, distributing, or selling olive oil or any closely related or complementary products bearing the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", "PREMIUM SELECT", or any other confusingly similar variations of Lucini's registered mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL";

 (3) Advertising, displaying, or promoting olive oil or any closely related or complementary products bearing the mark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL", "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL", "PREMIUM SELECT", or any other confusingly similar variations of Lucini's registered mark "PREMIUM SELECT EXTRA VIRGIN OLIVE OIL";

 (4) Holding out in any manner whatsoever that Defendant or Defendant's products originate from, or are in any way sponsored by, endorsed by, or associated or affiliated with Lucini, or Lucini's goods;

 (5) Unfairly competing with Lucini in any manner; or

(6) Causing a likelihood of confusion or injury to Lucini's business reputation;

D. That Defendant be directed to deliver up to Lucini or destroy all goods, advertising, literature, and other physical or electronic materials bearing or displaying the infringing trademark "PREMIUM SELECT 100% EXTRA VIRGIN OLIVE OIL" pursuant to 15 U.S.C. § 1118;

E. That Defendant be required to make a detailed accounting to Lucini of all revenues and all profits derived by Defendant or any of its affiliates through the sales of the Accused Product;

F. That Defendant be directed to pay over to Lucini all gains, profits and advantages realized by Defendant from the sale of the Accused Product, pursuant to 15 U.S.C. §1117;

G. That Defendant be directed to pay to Lucini all damages suffered by Lucini, and that such damages be trebled in accordance with the law pursuant to 15 U.S.C. §1117;

H. That Defendant be directed to pay to Lucini damages in the form of money to be spent on corrective advertising, to dispel any actual confusion that may have already occurred among consumers and in the marketplace by virtue of Defendant's acts;

I. That Defendant be directed to pay to Lucini reasonable attorney's fees and all costs connected with this action pursuant to 15 U.S.C. §1117 and § 501.2105, Fla. Stat.; and

J. That Lucini have such other and further relief that the Court may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: December 20, 2012

                                                Respectfully submitted,

By: /s/ Paul C. Huck, Jr.
     Paul C. Huck Jr.
     Florida Bar No. 968358
     Jordi C. Martínez-Cid
     Florida Bar No. 100566
     HUNTON & WILLIAMS LLP
     1111 Brickell Avenue, Suite 2500
     Miami, Florida 33131
     Ph. 305-810-2500
     Fax 305-810-2460
     huckp@hunton.com
     jmartinez-cid@hunton.com

**Of Counsel:**
Tamara A. Miller (IL #6237169)
Mark J. Liss (IL #6181002)
Michelle L. Zimmermann (IL # 6292497)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza--Suite 4900
Chicago, IL 60601
Ph. (312) 616-5600
Fax (312) 616-5700